■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY SHEPPARD, Appellant.—Judgment, Supreme Court, New York County (Ira F. Beal, J.), rendered on or about November 29, 1988, which convicted defendant, after a jury trial, of criminal possession of a controlled substance in the second degree and sentenced him, as a second felony offender, to an indeterminate term of imprisonment of from six years to life, unanimously affirmed.

While Officer James Gilmore was in a building lobby investigating a fight, he saw defendant, clutching a plastic bag containing a white powdery substance, run down the stairs and out of the building. Defendant was accompanied by a man

wielding a gun. Three other men with guns chased after them. Officer Gilmore gave chase and ultimately caught defendant and placed him under arrest. Defendant had dropped the plastic bag when he was apprehended. The bag contained over three ounces of cocaine. Eight vials of crack containing over five grams of cocaine were also recovered from defendant's possession.

On appeal, defendant raises several claims regarding the prosecutor's summation. Most of these issues are unpreserved as a matter of law and we therefore decline to address them. (CPL 470.05 [2].) Were we, however, to consider these issues in the interests of justice, we would, nevertheless, find them, as well as the preserved claims, to be without merit. The prosecutor's comments were appropriate remarks on the issues before the jury and were fair responses to defendant's summation attack on the police officer's credibility. *(See, People v Ashwal,* 39 NY2d 105; *see also, People v Marks,* 6 NY2d 67, 77-78, *cert denied* 362 US 912.) Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.